**SO ORDERED.**

**SIGNED this 15 day of February, 2007.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CURTIS LEE TUNE | 07-00320-8-JRL |
| DEBTOR | |

**ORDER DISMISSING CASE**

The matter before the court is the motion to dismiss the case, filed by creditor, Countrywide Home Loans, Inc. ("Countrywide"), in response to the debtor's motion to extend the automatic stay. A hearing was held in Wilson, North Carolina on February 15, 2007.

The debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code on January 29, 2007. The debtor has had five previous bankruptcy filings, the most recent of which was dismissed on February 1, 2007 after the debtor filed a voluntary motion to dismiss on January 26, 2007 (Case No. 05-03952-8-JRL).[1]

---

[1] The previous bankruptcy filings and their dispositions are as follows:

05-03952-8-JRL, filed 5-16-05 and voluntary dismissed on 2-1-07
04-06529-8-JRL, filed 8-20-04, dismissed 3-2-05
03-07084-8-JRL, filed 8-13-03, dismissed 11-4-04
97-01227-8-JRL, filed 3-3-97, dismissed 12-23-97
96-02280-8-JRL, filed 5-8-96, dismissed 12-5-96

Counsel for Countrywide requests dismissal of this case pursuant to 11 U.S.C. § 109(g)(2) which provides,

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

In support of its motion, counsel for Countrywide indicates that the debtor owns real property on which Countrywide is secured by a deed of trust. Countrywide filed a motion for relief from stay in the debtor's prior case on August 4, 2005, which was resolved by consent order on January 19, 2006. That consent order included a default provision which expired 12 months from the entry of the order. Countrywide filed a notice of default in that case on December 1, 2006. The debtor filed a motion for voluntary dismissal of that case on January 26, 2007, which was granted on February 1, 2007.

Counsel for the debtor explained that he understood the ramifications of § 109(g)(2), but felt that the debtor deserved some leniency because of extenuating circumstances. He explained that the debtor had paid approximately $9300.00 into his last plan in the course of a year. He now receives disability payments of approximately $2800.00 from the Veterans' Administration because of an injury received while serving in the military. He and his son reside in the home which was inherited from the debtor's grandmother.

The trustee, in response to the debtor's motion to extend the automatic stay, filed an objection to the extension based upon the numerous prior bankruptcy filings of the debtor.

In In re Farnsworth, Case No. 04-01870-5-ATS, slip op. at 2 (Bankr. E.D.N.C. August 5, 2004), Judge Small noted the strict interpretation of § 109(g)(2) applied in this district. The opinion in Farnsworth discussed the various approaches taken by different courts in determining whether § 109(g)(2) requires dismissal. These are the equitable, strict, and causal approaches. Id at 3. As applied to this case, any of the three approaches would lead to the same result. With regard to the equitable approach, although some factors weigh in favor of the debtor, those being his status as a veteran and the home being that of his grandmother's, this is the debtor's sixth bankruptcy filing. It would be absurd to allow the debtor to maintain yet another bankruptcy filing in order to stop Countrywide's ability to foreclose the note secured by the deed of trust after Countrywide had already obtained relief from the stay. With regard to the causal approach, the debtor filed his motion for voluntary dismissal less than two months after Countrywide filed its notice of default of the terms of the consent order modifying the stay filed January 19, 2006. The debtor filed the present case three days after filing his motion for voluntary dismissal and before the dismissal of the prior case was even granted. This chain of events suggests a direct causal connection between Countrywide's notice of default and the debtor's motion for dismissal. Finally, a strict interpretation of the statute provides that the debtor simply cannot be a debtor because he filed this case within 180 days of a pending case in which a motion for relief from stay was sought and in which a voluntary dismissal was sought and obtained by the debtor.

Based upon the pendency of the debtor's prior case within the 180 days preceding the filing of this case, and based upon the debtor's obtaining a voluntary dismissal of that case in which a motion for relief from stay had been previously filed and within close proximity to the notice of default filed by Countrywide, the court finds that the debtor does not qualify to be a debtor pursuant

to 11 U.S.C. § 109(g)(2). Therefore, Countrywide's motion to dismiss is **ALLOWED**. The debtor's motion to extend the automatic stay is rendered moot by the dismissal of the case.

    **SO ORDERED**.

**END OF DOCUMENT**